UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| VARINDER KUMAR, | ) | 1:06-CV-01730 AWI LJO HC |
| | ) | |
|         Petitioner, | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
|   v. | ) | |
| | ) | |
| ALBERTO R. GONZALES, et al., | ) | |
| | ) | |
|         Respondents. | ) | |
| | ) | |

     Petitioner is detained by the United States Bureau of Immigration and Customs Enforcement ("ICE") and is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

     On November 30, 2006, Petitioner filed the instant petition for writ of habeas corpus. Petitioner claims his indefinite detention exceeds Respondent's statutory authority and violates Petitioner's substantive and procedural due process rights. He further claims his detention constitutes punishment without due process of law.

### DISCUSSION

     On May 11, 2005, the President signed into law the "Emergency Supplemental Appropriations Act for Defense, The Global War on Terror, and Tsunami Relief, 2005." Division B

of the Act is titled "REAL ID Act of 2005." Section 106 of the Act amended Section 242 of the Immigration and Nationality Act (8 U.S.C. § 1252) so as to render a petition for review to the courts of appeal the sole and exclusive means of review of an administrative order of removal, deporation, or exclusion. Section 1252(a)(5) provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

In this case, Petitioner challenge stems from the Immigration Judge's order of deportation. "The jurisdictional provisions of 8 U.S.C. § 1252 apply to 'all questions of law and fact ... arising from any action taken or proceeding brought to remove an alien from the United States,' so judicial review of claims arising from such actions is governed exclusively by that section." Rafaelano v. Wilson, — F.3d —, 2006 WL 3734229 *4 (9th Cir.2006), quoting 8 U.S.C. § 1252(b)(9). Therefore, this Court does not have jurisdiction to hear Petitioner's claims. The claims should be brought in a petition for review to the Ninth Circuit Court of Appeals.

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be DISMISSED.

This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within ten (10) <u>court</u> days (plus three days if served by mail) after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to

1  28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified
2  time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th
3  Cir. 1991).
4  IT IS SO ORDERED.
5  **Dated:      January 8, 2007**                          /s/ Lawrence J. O'Neill
   b9ed48                                              UNITED STATES MAGISTRATE JUDGE